THE COMMUNITY BANK, Plaintiff-Appellant v. RICHARD E. WHITLEY, WANDA M. WHITLEY, and MARINELAND OUTDOOR CENTER, INCORPORATED, Defendants-Appellees

No. 9317SC1215

(Filed 1 November 1994)

**Appeal and Error § 118 (NCI4th)— denial of summary judgment—appeal interlocutory**

Plaintiff's appeal of denial of its summary judgment motion is dismissed as interlocutory.

**Am Jur 2d, Appeal and Error § 104.**

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

. Appeal by plaintiff from order entered 24 August 1993 by Judge James A. Beaty, Jr., in Surry County Superior Court. Heard in the Court of Appeals 3 October 1994.

In July of 1992, plaintiff sued defendants to recover over $250,000.00 following defendants' default on several promissory notes. The notes represented sums the Bank loaned defendants to purchase and operate Marineland, a boat dealership. Shortly after plaintiff brought this action, the trustee filed three foreclosure actions on the deeds of trust securing the notes. Before any property was foreclosed upon, however, the trial court granted defendants' motion to consolidate the foreclosures and the underlying action, thereby preventing plaintiff from proceeding with the foreclosures.

In response to plaintiff's complaint, defendants alleged counterclaims grounded in fraud, negligent misrepresentation, and unfair business practices. These counterclaims arose from the plaintiff's involvement, through the actions of its president, in the Whitleys' purchase of Marineland from Albert Hicks. More specifically, the Whitleys alleged that plaintiff's president made fraudulent statements and inducements to not only encourage the Whitleys to buy Marineland, but also to get them to obtain financing for the purchase through the Bank.

In its reply, plaintiff denied the counterclaims and asserted the affirmative defenses of res judicata, collateral estoppel, and judgment and satisfaction. These defenses were based on an earlier action between the Whitleys and Albert Hicks, Marineland's prior owner. In that suit, the Whitleys made similar counterclaims against Hicks after he sued them to recover monies due following the sale. The suit ended with a consent judgment and a cash payment to the Whitleys.

On 18 January 1993, plaintiff moved for summary judgment arguing that it should be allowed to proceed with the foreclosures. The trial court denied the motion. Plaintiff moved for summary judgment a second time on 20 July 1993, this time arguing that the counterclaims were barred by res judicata, collateral estoppel, and judgment and satisfaction. Again, the trial court denied its motion.

From the order denying its second motion for summary judgment, plaintiff appeals.

## COMMUNITY BANK v. WHITLEY

[116 N.C. App. 731 (1994)]

*House & Blanco, P.A., by John S. Harrison, for plaintiff appellant.*

*Donnelly & DiRusso, by Gus L. Donnelly, for defendant appellees.*

PER CURIAM.

Plaintiff appeals the denial of its motion for summary judgment. Typically, "the denial of a motion for summary judgment is a nonappealable interlocutory order." *Northwestern Financial Group v. County of Gaston*, 110 N.C. App. 531, 535, 430 S.E.2d 689, 692, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 337 (1993). Despite this general rule, this Court will address the merits of such an appeal if "a substantial right of one of the parties would be lost if the appeal were not heard prior to the final judgment." *Id.* Our Supreme Court has stated that "the denial of a motion for summary judgment based on the defense of res judicata may affect a substantial right." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (italics omitted). A substantial right is likely to be affected where a possibility of inconsistent verdicts exists if the case proceeds to trial, but the facts of this case would not lead to such an outcome. Further, we do not believe these facts present a compelling case for premature review. Accordingly, plaintiff's appeal is dismissed as interlocutory.

Dismissed.

Panel consisting of: Chief Judge ARNOLD, Judges COZORT and LEWIS.