THE NEWS AND OBSERVER PUBLISHING COMPANY, INC.; CAPITOL BROADCAST-ING COMPANY, INC.; ABC, INC.; NATIONAL BROADCASTING COMPANY; WLFL, INC.; NORTH CAROLINA PRESS ASSOCIATION; AND NORTH CAROLINA ASSO-CIATION OF BROADCASTERS, INC. v. PAUL COBLE; TOM FETZER; MARC SCRUGGS, JR.; AND KIERAN SHANAHAN

No. COA97-503

(Filed 6 January 1998)

**1. Appeal and Error § 175 (NCI4th)— Open Meetings Law violation—prior judgment in another action—present action not moot**

Plaintiffs' action seeking (1) a declaratory judgment that a gathering of the mayor and four city council members at one member's home to discuss a proposed sports arena violated the Open Meetings Law and (2) an injunction against future violations of the Open Meetings Law was not rendered moot by the resolution of another action that sought only prospective relief based upon the same gathering of defendants where defendants agreed in the prior action not to violate the Open Meetings Law in the future, but there was no conclusion that defendants' conduct violated the Open Meetings Law, and the prior judgment thus did not provide all of the relief sought by plaintiffs in this case.

**2. Judgments § 300 (NCI4th)— Open Meetings Law violation—prior judgment—different plaintiffs and issues—res judicata and collateral estoppel inapplicable**

An action seeking a declaratory judgment that the mayor and city council members violated the Open Meetings Law in a gathering at one member's home was not barred on grounds of res judicata or collateral estoppel by a judgment in a prior action that sought only prospective relief concerning the same gathering of the defendants since the issues raised by plaintiffs in this action were not litigated in the prior action, and the plaintiff in the prior action is different and not in privity with the plaintiffs in this action.

**3. State § 9 (NCI4th)— Open Meetings Law—attorney fees—prevailing party**

N.C.G.S. § 143-318.16B does not apply to permit an award of attorney fees to defendants in an action for a declaratory judgment under the Open Meetings Law where defendants are no longer the prevailing party.

Appeal by plaintiffs from judgment entered 7 February 1997 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 2 December 1997.

Plaintiffs filed a complaint 28 January 1997 pursuant to the North Carolina Open Meetings Law, G.S. 143-318.16, and the Declaratory Judgment Act, G.S. 1-253, against the defendants who at the time were Mayor of Raleigh and four elected City Council members. Plaintiffs allege on information and belief that the defendants had gathered together unlawfully in an unannounced meeting in which they deliberated regarding matters of public business within the jurisdiction of the city council and, in particular, matters relating to a proposed sports arena. Plaintiffs sought 1) a declaratory judgment that the gathering constituted an "official meeting" held in violation of the Open Meetings Law; 2) an order permanently enjoining defendant from future violations of the Open Meetings Law; 3) permission to expedite discovery; and 4) attorneys' fees as permitted under G.S. 143-318.16B. Defendants moved pursuant to Rule 12(b)(6) to dismiss the complaint. On 7 February 1997 Judge Farmer dismissed plaintiffs' complaint and in a subsequent order awarded attorneys' fees to the defendants in the amount of $10,000. Judge Farmer's order stated that the plaintiffs' complaint was a "duplicate action" substantially identi-

cal to *Elting v. Fetzer et al.*, a separate action arising out of the same gathering of defendants which reached disposition on 31 January 1997.

Plaintiffs allege that defendants, Mayor Tom Fetzer and City Council Members Paul Coble, John Odom, Marc Scruggs, Jr., and Kieran Shanahan, violated the Open Meetings Law when they gathered at the home of Paul Coble, 19 January 1997, without notice to the public or other members of the City Council, and discussed the City's involvement in the proposed sports arena. Plaintiffs further allege that no minutes of the meeting were kept and that defendants intended to conceal the meeting from the public and purposefully attempted to evade the Open Meetings Law. Judge Farmer granted the defendants' Rule 12(b)(6) motion and ordered plaintiffs to pay the defendants' attorney fees. Plaintiffs appeal.

*Everett, Gaskins, Hancock & Stevens, by Hugh Stevens and Amanda Martin, for plaintiff-appellants.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Wade H. Hargrove, Mark J. Prak and Wayne A. Logan, for plaintiff-appellants.*

*Eugene Boyce for defendant-appellees.*

EAGLES, Judge.

[1] We first consider whether the trial court erred in granting defendants' motion to dismiss for failure to state a claim for which relief can be granted. The question for the trial court on a motion to dismiss under Rule 12(b)(6) is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB Nat'l Bank of North Carolina,* 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). In analyzing the sufficiency of the complaint under subsection (b)(6) of Rule 12, the complaint must be liberally construed. *Dixon v. Stuart,* 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987). The parties agree that the complaint stated a claim for relief. The issue here is whether the disposition of the *Elting* case pursuant to G.S. 1A-1, Rule 68 on 31 January 1997 renders this action moot.

In this context, mootness arises "[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no

longer at issue. *In Re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), cert denied, 442 U.S. 929, 61 L.E.2d 297 (1979). When an action has become moot, the case should be dismissed. *Id.*

Defendants argue that this action and the *Elting* suit (which was resolved) are identical and consequently this action should be dismissed. Plaintiffs disagree and respond that they are seeking different relief than Mr. Elting sought. We agree. Mr. Elting's lawsuit sought only prospective relief by requesting the court to "enjoin future violations" of the Open Meetings Law and did not seek declaratory relief. By contrast, plaintiffs in this action sought not only to bar future violations through injunctive relief but to establish by means of declaratory judgment that a purposeful violation of the Open Meetings Law had in fact occurred. Plaintiffs also sought to discover what business was transacted at the alleged official meeting. In the resolution reached in *Elting*, defendants merely agreed to not violate the Open Meetings Law in the future but did not concede or stipulate that their conduct violated the Open Meetings Law. The *Elting* judgment did not provide all of the relief sought by the plaintiffs in the instant case. In the *Elting* case, the judgment included no legal conclusion stating what the defendants did wrong. Without declaratory relief, the defendants will be free to continue their previous conduct, complained of here, because the *Elting* judgment never concluded, and defendants never conceded, that defendants' conduct was a violation of the Open Meetings Law. Accordingly, we conclude that the trial court erred when granting defendants' Rule 12(b)(6) motion.

[2] The defendants next argue that res judicata and collateral estoppel justify the dismissal of plaintiffs' complaint. We disagree.

[A] judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose . . . .

But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

*Edwards v. Edwards*, 118 N.C. App. 464, 467-68, 456 S.E.2d 126, 128 (1995) (quoting *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 427, 349 S.E.2d 552, 556 (1986)). Thus, res judicata "precludes a subsequent action based on the same claim, collateral estoppel in the latter instance bars subsequent determination of the same issue, even though the action may be premised upon a different claim." *Id.* at 468, 456 S.E.2d at 128.

Here there were different issues as well as different parties. The plaintiffs in the instant action are seeking not only injunctive relief as did the plaintiff in the *Elting* suit, but they are also seeking declaratory relief. Consequently, the issues raised by the plaintiffs here were never litigated and are not barred from being raised in this action. In addition, the plaintiff in the *Elting* suit is different from and not in privity with the plaintiffs in this action. Res judicata and collateral estoppel did not justify the dismissal of plaintiffs' action here. Accordingly, the judge erred when granting defendants' Rule 12(b)(6) motion.

**[3]** The next issue deals with whether the trial court erred when it taxed $10,000 in attorneys' fees against the plaintiffs. Because the defendants are no longer the prevailing party as to the first issue, G.S. 143-318.16B does not apply. It is important to note that G.S. 143-318.16B, as amended effective 1 October 1994, states:

When an action is brought pursuant to G.S. 143-318.16 or G.S. 143-318.16A, the court may make written findings specifying the prevailing party or parties, and **may** award the prevailing party or parties a reasonable attorney's fee, to be taxed against the losing party or parties as part of the costs. (Emphasis added).

The award of attorneys' fees is discretionary with the trial court. The trial court is authorized but no longer required to award attorneys' fees to the prevailing party.

Reversed and remanded.

Judges WYNN, and MARTIN, John C., concur.