**COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.**

[135 N.C. App. 159 (1999)]

THE COUNTRY CLUB OF JOHNSTON COUNTY, INC., Plaintiff v. UNITED STATES
FIDELITY AND GUARANTY COMPANY, Defendant

No. COA98-1419

(Filed 5 October 1999)

**Appeal and Error— appealability—denial of motions to dis-
miss—interlocutory**

An appeal from the denial of motions to dismiss was dis-
missed as interlocutory where the order did not dispose of the
case, the trial court made no certification, USF&G was unable to
meet the substantial right exception in that there was no possi-
bility of any verdict inconsistent with previous judicial determi-
nations, immediate appeal is not mandated in every instance of
the denial of a motion based upon res judicata, and manifest
injustice will not result absent immediate appeal.

Appeal by defendant from order entered 2 September 1998 by
Judge Robert L. Farmer in Johnston County Superior Court. Heard in
the Court of Appeals 26 August 1999.

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., and
W. Brian Howell, P.A., by W. Brian Howell, for plaintiff-
appellee.*

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Elizabeth
Horton, for defendant-appellant.*

JOHN, Judge.

Defendant United States Fidelity and Guaranty Company
(USF&G) purports to appeal the trial court's order denying its motion
to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1) and Rule
12(b)(6) (1990) (Rule 12(b)(1) and Rule 12(b)(6)). Defendant's appeal
is interlocutory and must be dismissed.

In view of our disposition and the extensive factual rendition in
the first of now three appeals to this Court by the parties, *see U.S.
Fidelity & Guaranty Co. v. Country Club of Johnston County,* 119
N.C. App. 365, 367-70, 458 S.E.2d 734, 736-38, *disc. review denied,* 341
N.C. 656, 462 S.E.2d 527 (1995) *(USF&G I),* and *U.S. Fidelity and
Guar. Co. v. Country Club of Johnston Co.,* 126 N.C. App. 633, 491
S.E.2d 569 (unpublished opinion), *disc. review denied,* 347 N.C. 141,
492 S.E.2d 38 (1997) *(USF&G II),* lengthy exposition of the underly-

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

ing facts is unnecessary herein. Pertinent procedural and factual history is as follows:

After consuming several alcoholic drinks at the premises of plaintiff Country Club of Johnston County (the Club) on 18 October 1991, a member of the Club was operating an automobile involved in a fatal collision. On the date of the collision, USF&G insured the Club under a master insurance policy (the policy) including commercial general liability coverage. Suit was instituted in May 1993 against both the member and the Club in Wake County Superior Court. *See Sanders et al. v. Upton*, 93 CVS 4415 (*Sanders*). USF&G defended *Sanders* on behalf of the Club under a reservation of rights regarding coverage by the policy and subsequently brokered a settlement.

During the settlement phase of *Sanders*, USF&G filed a declaratory judgment action seeking judicial determination that it was not obligated to defend or afford coverage to the Club under the policy because of an alcohol liability exclusion (alcohol exclusion) therein related to serving of alcohol by the Club. The Club filed answer and counterclaim, asserting coverage "under the [p]olicy . . . and all attendant circumstances." In that suit, the trial court granted summary judgment in favor of USF&G and the Club thereafter voluntarily dismissed its counterclaim and appealed.

Two separate opinions were subsequently rendered by this Court. The first provided that the policy excluded coverage, but, upon noting that "[t]he doctrines of waiver and estoppel may . . . apply to disallow [USF&G] from denying coverage," *USF&G I*, 119 N.C. App. at 374, 458 S.E.2d at 740, remanded to the trial court for resolution of those issues, *id.* at 375, 458 S.E.2d at 741.

Following remand, USF&G appealed the trial court's grant of the Club's subsequent summary judgment motion, contending, *inter alia*, that

(I) USF&G did not, as a matter of law, waive the liquor liability exclusion; [and that] (II) USF&G is not, as a matter of law, estopped from asserting the liquor liability exclusion.

*USF&G II*, 126 N.C. App. 633, 491 S.E.2d 569. In our second opinion involving the parties, we affirmed the trial court's ruling that, by virtue of its actions and those of its agents, USF&G had waived its right to rely upon the alcohol exclusion, and "conclude[d that] USF&G's remaining contentions [we]re wholly without merit." *Id.*

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

On 23 January 1995, prior to our decision in *USF&G I*, the Club instituted the instant proceeding against USF&G alleging, in an amended complaint, bad faith, tortious breach of contract, unfair claim settlement practices, and unfair and deceptive trade acts or practices. The case lay dormant while the appeals in *USF&G I* and *USF&G II* were pending. However, USF&G filed Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss 5 November 1997, which motions were denied by the trial court 3 September 1998. USF&G filed timely notice of appeal, and the Club moved to dismiss the appeal as interlocutory 15 March 1999.

An order of the trial court

is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. . . . There is generally no right to appeal an interlocutory order.

*Howerton v. Grace Hospital, Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996) (citations omitted).

Withholding appeal of denial of summary relief at the early stages of litigation in the trial court is generally favored. *See Waters v. Personnel, Inc.*, 294 N.C. 200, 209, 240 S.E.2d 338, 344 (1978) (upon denial of early appeal, the "trial court and the parties will be given an opportunity to develop more fully the facts in . . . dispute and to put the merits of the claim in bolder relief"; delayed appeal "w[ill] give the reviewing court a more complete picture, factually and legally, of the entire controversy between the parties"). Indeed, the rule prohibiting interlocutory appeals

prevent[s] fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.

*Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985) (citation omitted).

As our Supreme Court has noted,

[t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders.

*Veazey v. Durham*, 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950).

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

Notwithstanding, interlocutory orders may be appealed in two instances:

> first, where there has been a final determination of at least one claim, and the trial court certifies there is no just reason to delay the appeal, [N.C.G.S. § 1A-1, Rule 54(b) (1990) (Rule 54(b))]; and second, if delaying the appeal would prejudice a "substantial right."

*Liggett Group v. Sunas,* 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993) (citations omitted). In either instance, "it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal," *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994), and "not the duty of this Court to construct arguments for or find support for appellant's right to appeal," *id.* at 380, 444 S.E.2d at 254.

In the case *sub judice,* the trial court's order denying USF&G's motion to dismiss is interlocutory in that it "does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *Howerton,* 124 N.C. App. at 201, 476 S.E.2d at 442. Moreover, as in *Liggett,* "the court below made no certification [under Rule 54(b) and] the first avenue of appeal is closed" to USF&G. *Liggett,* 113 N.C. App. at 24, 437 S.E.2d at 677.

Under the second "avenue," the substantial right exception, *see* N.C.G.S. § 1-277(a) (1996) and N.C.G.S. § 7A-27(d)(1) (1995), an otherwise interlocutory order may be appealed upon a showing by the appellant that: (1) the order affects a right that is indeed "substantial," and (2) "enforcement of that right, absent immediate appeal, [will] be 'lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order.' " *First Atl. Mgmt. Corp. v. Dunlea Realty Co.,* 131 N.C. App. 242, 250, 507 S.E.2d 56, 62 (1998) (quoting *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.,* 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987)). Nonetheless, the substantial right test

> is more easily stated than applied [and] [i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.

*Waters,* 294 N.C. at 208, 240 S.E.2d at 343.

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

In any event, it is well-settled that

[d]enial of a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is interlocutory . . ., as is the denial of a Rule 12(b)(6) motion for failure to state a claim for which relief can be granted. . . . Neither affects a substantial right and neither is immediately appealable.

*Burlington Industries, Inc. v. Richmond County*, 90 N.C. App. 577, 579, 369 S.E.2d 119, 121 (1988); *see also State v. School*, 299 N.C. 351, 355, 261 S.E.2d 908, 911 (1980) (denial of motion to dismiss generally does not deprive movant of any substantial right).

Notwithstanding, under the instant circumstances, *see Waters*, 294 N.C. at 208, 240 S.E.2d at 343, USF&G asserts implication of the substantial rights of avoidance of trial and appeal of denial of a dismissal motion grounded upon the defense of *res judicata*. We consider USF&G's arguments *ad seriatim*.

This Court recently reiterated the long-standing rule that "[a]voidance of trial is not a substantial right entitling a party to immediate appellate review." *Anderson v. Atlantic Casualty Ins. Co.*, 134 N.C. App. 724, ——, —— S.E.2d ——, —— (1999) (citation omitted). However, where

a claim has been finally determined, delaying the appeal of that final determination will ordinarily affect a substantial right *if* there are overlapping factual issues between the claim determined and any claims which have not yet been determined,

*Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 26, 376 S.E.2d 488, 492, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989), thereby

creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue.

*Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982).

Therefore, to demonstrate that a second trial will affect a substantial right, USF&G must show, *see Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253, not only that one "claim has been finally determined," *Davidson*, 93 N.C. App. at 26, 376 S.E.2d at 492, and others

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

remain "which have not yet been determined," *id.*, but that "(1) the same factual issues would be present in both trials *and* (2) the possibility of inconsistent verdicts on those issues exists," *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 736, 460 S.E.2d 332, 335 (1995) (emphasis added) (citation omitted). USF&G is unable to meet this test.

USF&G purports to appeal the trial court's *denial* of its motion to dismiss. An order denying a motion to dismiss

> do[es] not determine even one claim, but simply require[s] subsequent trial of the fact issues underlying that claim, [and is] generally not appealable.

*Davidson*, 93 N.C. App. at 26, 376 S.E.2d at 492; *see also School*, 299 N.C. at 355, 261 S.E.2d at 911 (denial of Rule 12(b)(6) motion to dismiss "merely serves to continue the action then pending [and no] final judgment is involved"). No final dismissal of claims or parties occurred in the trial court in the instant case; thus, there exists no possibility that, upon reversal of such dismissal, a second trial might produce an inconsistent verdict. *See Davidson*, 93 N.C. App. at 27, 376 S.E.2d at 492 (while dismissal of plaintiff's claims was immediately appealable, denial of defendant's motion to dismiss plaintiff's remaining claim was not immediately appealable "since there ha[d] been no final disposition whatsoever of that claim"); *cf. First Atl. Mgmt. Corp.*, 131 N.C. App. at 251, 507 S.E.2d at 62 (appeal of grant of defendant's partial summary judgment motion proper even though interlocutory because of potential inconsistent verdicts); *Hoots v. Pryor*, 106 N.C. App. 397, 402, 417 S.E.2d 269, 273, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992) (in case of multiple defendants, potential for inconsistent verdicts on issue of plaintiff's contributory negligence "if . . . case were to be tried in . . . separate proceedings" compels holding that "plaintiffs' appeal of [the trial court's] order is not premature and should not be dismissed"); *J & B Slurry Seal Co.*, 88 N.C. App. at 9, 362 S.E.2d at 817 (appeal allowed of grant of defendant's summary judgment motion dismissing plaintiff's claim, but leaving defendant's counterclaim intact, because of possible inconsistent verdicts); *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982) (plaintiff's appeal of grant of defendant's partial summary judgment motion allowed even though interlocutory because inconsistent verdicts possible).

Interestingly, USF&G both in its appellate brief and in oral argument to this Court, essentially advocated that we render an "incon-

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

sistent" opinion herein. In *USF&G II*, this Court affirmed the trial court's ruling that "USF&G ha[d] waived its right to rely on the [alcohol] exclusion," *USF&G II*, 126 N.C. App. 633, 491 S.E.2d 569, and held that USF&G's argument that it "[wa]s not, as a matter of law, estopped from asserting the [alcohol] exclusion" was "wholly without merit," *id.* However, USF&G has continued to insist the policy afforded no coverage and that the Club therefore may not assert a bad faith claim.

USF&G first ignores the principle that a panel of this Court "may not overrule the decision of another panel on the same question in the same case." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). We note in passing that this principle was previously reiterated in *USF&G II. USF&G II*, 126 N.C. App. 633, 491 S.E.2d 569 (this Court in *USF&G I*, by which decision the Court is now bound, "considered, and found meritless, the exact argument USF&G attempts to re-assert in the present appeal—[that] the doctrines of waiver and estoppel cannot expand the scope of an insurance policy to include risks expressly excluded by the plain language of the policy").

USF&G also overlooks the estoppel effect of conduct comprising waiver. It is not that the conduct of USF&G and that of its agents has operated to write into the policy coverage previously excluded; rather, conduct comprising waiver has created a disability on the part of USF&G thereby precluding it from thereafter *denying* that such coverage is included within the policy.

As this Court explained in *Chance v. Henderson*, 134 N.C. App. 657, ——, —— S.E.2d ——, —— (1999) ·(citation omitted), estoppel effects a "personal disability [upon] the party attacking the [court order]; it is not a function of the [order] itself." Accordingly, the defendant in *Chance* who by his conduct "in essence ratified and affirmed [a court] Order [was thereafter] estopped from seeking to avoid its effect," *id.* Similarly, herein, USF&G, whose waiver of its right to rely on the alcohol exclusion in the policy has been judicially determined, *see USF&G II*, 126 N.C. App. 633, 491 S.E.2d 569, is thereby "disallow[ed] . . . from denying coverage," *USF&G I*, 119 N.C. App. at 374, 458 S.E.2d at 740, under the policy on grounds of said exclusion.

In short, the issue in the instant case is no longer one of coverage, but rather USF&G's liability for alleged bad faith, tortious breach of contract, unfair claim settlement practices, or unfair and deceptive

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

trade acts or practices in its handling of the Club's claim and the resulting litigation. There is no possibility of any verdict inconsistent with previous judicial determinations.

USF&G also argues that because it relies on the principles of *res judicata* and claim-splitting as barring the Club's lawsuit in the instant case, a substantial right is thereby affected and it is entitled to an immediate appeal of denial of its motions to dismiss which asserted those grounds. USF&G cites *Bockweg v. Anderson*, 333 N.C. 486, 428 S.E.2d 157 (1993) and *Northwestern Financial Group v. County of Gaston*, 110 N.C. App. 531, 430 S.E.2d 689, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 337 (1993), as support. USF&G's reliance on *Bockweg* and *Northwestern* is unfounded.

⋅ In *Bockweg*, our Supreme Court held "that the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right" because of the "possibility that a successful defendant . . . will twice have to defend against the same claim by the same plaintiff." *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161; *accord, Northwestern*, 110 N.C. App. at 536, 430 S.E.2d at 692.

First, we do not read *Bockweg* as mandating in every instance immediate appeal of the denial of a summary judgment motion based upon the defense of *res judicata*. The opinion pointedly states reliance upon *res judicata* "*may* affect a substantial right." *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161 (emphasis added).

In addition, we note the reliance in *Bockweg* on the line of cases, *see Green*, 305 N.C. at 608, 290 S.E.2d at 596, and *Patterson v. DAC Corp.*, 66 N.C. App. 110, 113, 310 S.E.2d 783, 785 (1984), noting that the potential for inconsistent verdicts in two trials affects a substantial right so as to permit immediate appeal of an otherwise interlocutory order. Indeed, this Court, in an opinion issued shortly after *Bockweg, Community Bank v. Whitley*, 116 N.C. App. 731, 449 S.E.2d 226, *disc. review denied*, 338 N.C. 667, 453 S.E.2d 175 (1994), interpreted the permissive language of *Bockweg* as allowing, under the substantial right exception, immediate appeal of the denial of a motion for summary judgment based, *inter alia*, upon defense of *res judicata* "*where a possibility of inconsistent verdicts exists* if the case proceeds to trial." *Id.* at 733, 449 S.E.2d at 227 (emphasis added); *see also Little v. Hamel*, 134 N.C. App. 485, —— S.E.2d —— (1999) (appeal of denial of summary judgment motion based upon *res judicata* considered to affect substantial right where, although not directly noted by the Court, defendants had been absolved of liability

COUNTRY CLUB OF JOHNSTON COUNTY, INC. v. U.S. FIDELITY AND GUAR. CO.

[135 N.C. App. 159 (1999)]

in previous suit between the parties and faced possibility of inconsistent verdicts).

In short, denial of a motion for summary judgment based upon the defense of *res judicata* may involve a substantial right so as to permit immediate appeal only "where a possibility of inconsistent verdicts exists if the case proceeds to trial." *Community Bank,* 116 N.C. App. at 733, 449 S.E.2d at 227. We have established that the current case presents no possibility of inconsistent verdicts.

Finally, *Bockweg* involved appeal from denial of a summary judgment motion, whereas we are concerned herein with denial of a motion to dismiss. As earlier noted, withholding of appeal of summary relief at the early stages of trial court litigation is generally favored. *See Waters,* 294 N.C. at 209, 240 S.E.2d at 344.

We also note that the decision in *Northwestern,* relied upon by USF&G, supports our interpretation of *Bockweg.* In *Northwestern,* this Court observed there was no possibility of inconsistent verdicts, thus making the facts therein "distinguishable from those in *Bockweg.*" *Northwestern,* 110 N.C. App. at 536, 430 S.E.2d at 692. We nonetheless "chose[] to consider the merits of defendants' appeal." *Id.; see* N.C.R. App. P. 2 ("[t]o prevent manifest injustice to a party," appellate court "may . . . suspend or vary the requirements" of the Rules of Appellate Procedure).

Suffice it to state we do not perceive it as "manifest" that injustice will result herein absent immediate appeal. *See Steingress v. Steingress,* 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999) ("Rule 2 relates to the residual power of our appellate courts . . . , *in exceptional circumstances,* . . . to prevent injustice which appears manifest to the Court and *only* in such instances" (emphasis added)). Significantly, USF&G has failed to show that

> enforcement of [a substantial] right, absent immediate appeal, [will] be "lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order."

*First Atl. Mgmt. Corp.,* 131 N.C. App. at 250, 507 S.E.2d at 62 (citation omitted). On the contrary, USF&G's

> rights . . . are fully and adequately protected by an exception to the order which may then be assigned as error on appeal should final judgment in the case ultimately go against it.

*Waters,* 294 N.C. at 208, 240 S.E.2d at 344.

Appeal dismissed.

Judges WYNN and EDMUNDS concur.