GEORGE W. WILSON, JR., AND MARY E. WILSON DOWNING, PLAINTIFFS V.
LETHA FRANCES WILSON WATSON, DEFENDANT

No. COA99-60

(Filed 1 February 2000)

### 1. Appeal and Error— appealability—denial of summary judgment—res judicata

The denial of a motion for summary judgment on the basis of res judicata affects a substantial right and entitles a party to an immediate appeal.

### 2. Clerks of Court— compelling accounting—jurisdiction

The clerk of court had jurisdiction to enter an order denying a request for an accounting from an attorney-in-fact where the power of attorney waived inventories and accounts. The provision relied upon by plaintiff, N.C.G.S. § 32A-11(b), does not address the clerk's jurisdiction to compel inventories and accounts; the relevant provision, N.C.G.S. § 7A-103(15), grants the clerk the jurisdiction to audit the accounts of fiduciaries and by implication to deny a request to audit such accounts as well.

### 3. Collateral Estoppel and Res Judicata— right to appeal waived—new action

The trial court erred by denying defendant's motion for summary judgment in an action to compel an accounting by an attorney-in-fact where the clerk of court had entered an order denying plaintiffs' request, plaintiffs did not appeal from the clerk to superior court, and plaintiffs later filed a complaint in superior court seeking the accounting. Having waived the right of appeal to superior court, the doctrine of res judicata bars the new action.

Judge JOHN concurring in the result.

Appeal by defendant from order entered 20 October 1998 by Judge Howard E. Manning, Jr. in Craven County Superior Court. Heard in the Court of Appeals 20 October 1999.

*Ernest C. Richardson, III for the plaintiff-appellees.*

*James M. Ayers, II for the defendant-appellant.*

LEWIS, Judge.

The parties in this case are all children of Letha Mae Morris Wilson, who died on 23 November 1996. Ms. Wilson executed a power of attorney which appointed defendant as her attorney-in-fact. It included a clause which stated: "I hereby relieve my attorney-in-fact of the responsibility and duty of filing any reports, inventories or accounts with the Clerk of Superior Court of any county."

On 20 May 1997, plaintiffs brought a Motion to Compel an Accounting before the Craven County Clerk of Superior Court ("Case I"). In that action, they moved the court to "enter an Order requiring [defendant] to appear before the [c]lerk at a date certain, and to bring with her, canceled checks, bank statements, tax returns, any and all documentation and correspondence with institutions which [defendant] has in her possession of Letha Mae Morris Wilson for the past three (3) years." Following a hearing, the clerk of court entered an order denying plaintiffs' request on 17 December 1997. The clerk had the discretion and authority to grant or deny the request. Plaintiffs did not appeal from this order and lost their right.

On 8 January 1998, plaintiffs filed a complaint in Craven County Superior Court ("Case II"). In their complaint, plaintiffs requested the court to "enter a Mandatory Injunction, as well as an Order directing and requiring [defendant] to produce any and all records she has concerning the accounts of Letha Mae Morris Wilson prior to the death of Letha Mae Morris Wilson and to provide an accounting of any and all transactions in which she exercised her [p]ower of [a]ttorney and/or acting on behalf of her mother, Letha Mae Morris Wilson." On 20 October 1998, the trial court entered an order denying defendant's motion for summary judgment. Defendant appeals from this order.

[1] The order denying defendant's motion for summary judgment was interlocutory, and not immediately appealable unless it affects a substantial right. N.C. Gen. Stat. § 7A-27 (1999). The denial of a motion for summary judgment on the basis of res judicata affects a substantial right and entitles a party to an immediate appeal. *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993). Accordingly, defendant's appeal is properly before this Court.

[2] Defendant argues that the present claims are barred by principles of collateral estoppel and res judicata. Collateral estoppel, or issue preclusion, applies to a subsequent suit between the parties on a dif-

ferent cause of action. *Nationsbank of N.C. v. American Doubloon Corp.*, 125 N.C. App. 494, 503, 481 S.E.2d 387, 392 (1997). Res judicata, or claim preclusion, on the other hand, entirely bars an identical party or those in privity from relitigating a second action identical to the first where a court of competent jurisdiction has already rendered a final judgment on the merits. *News and Observer Pub. Co. v. Coble*, 128 N.C. App. 307, 310-11, 494 S.E.2d 784, 786-87 (1998).

Plaintiffs concede that the parties and subject matter in Case I and Case II are identical. Indeed, Case I and Case II arose out of a single action, involve the same facts, and identical parties have raised identical issues of law in each case. The issue for our consideration, then, is properly one of res judicata.

Plaintiffs argue that the Craven County Clerk of Court was without jurisdiction to enter its order of 20 May 1997 denying plaintiffs' Motion to Compel an Accounting. Specifically, plaintiffs assert that inclusion of the clause relieving defendant of the responsibility to file reports, inventories and accounts with the clerk tacitly removed the clerk's jurisdiction to enter an order in their Motion to Compel an Accounting under G.S. 32A-11(b). Because the clerk was without jurisdiction, plaintiffs contend that the decision was made by a court without competent jurisdiction, thereby making the doctrine of res judicata inapplicable. We must first clarify the statutory provision plaintiff contends is relevant to this argument. Section 32A-11(b) provides in relevant part:

> Any provision in the power of attorney waiving or requiring the rendering of inventories and accounts shall govern, and a power of attorney that waives the requirement to file inventories and accounts need not be filed with the clerk of superior court. Otherwise, subsequent to the principal's incapacity or mental incompetence, the attorney-in-fact shall file in the office of the clerk of the superior court of the county in which the power of attorney is filed, inventories of the property of the principal in his hands and annual and final accounts of the receipt and disposition of property of the principal and of other transactions in behalf of the principal.

This section does not even address the clerk's jurisdiction to compel the production of inventories and accounts; it simply allows those attorneys-in-fact who are given waivers to choose not to file them with the clerk. Instead, the real provision relevant to the issue of the clerk's jurisdiction in this case is N.C. Gen. Stat. § 7A-103(15)

(1999). This section grants the clerk of superior court jurisdiction to "audit the accounts of fiduciaries, as required by law," and by implication, to deny a request to audit such accounts as well. Thus, the clerk here had jurisdiction to grant or deny plaintiffs' Motion to Compel an Accounting. We conclude, then, that a court of competent jurisdiction entered the order of 17 December 1997 in Case I.

[3] We must note that plaintiffs had a 10-day right of appeal from the clerk's order of 17 December 1997, the superior court having jurisdiction to hear and determine all matters in controversy in the proceeding. N.C. Gen. Stat. § 1-301.1 (1999). Having waived their right of appeal to superior court, we conclude that the doctrine of res judicata bars the new action asserted by plaintiffs in Case II. Accordingly, the trial court erred in denying defendant's motion for summary judgment. We reverse for entry of summary judgment in defendant's favor.

Reversed and remanded.

Judge McGEE concurs.

Judge JOHN concurs in the result with separate opinion.

Judge JOHN concurring in the result.

I believe this Court should entertain defendant's appeal and I therefore concur in the result reached herein by the majority. However, I write separately to address the issue of the interlocutory nature of defendant's appeal.

As a general rule, the denial of a motion for summary judgment is a nonappealable interlocutory order. However, an exception arises when a substantial right of one of the parties would be lost if the appeal were not heard prior to the final judgment.

*Northwestern Financial Group v. County of Gaston,* 110 N.C. App. 531, 535, 430 S.E.2d 689, 692, *disc. review denied,* 334 N.C. 621, 435 S.E.2d 337 (1993) (citation omitted).

In electing to entertain defendant's appeal, the majority cites *Bockweg v. Anderson,* 333 N.C. 486, 428 S.E.2d 157 (1993) as holding that denial of a summary judgment motion predicated upon *res judicata* implicates a substantial right entitling a party to an immediate appeal. However, our Supreme Court stated in *Bockweg* only that

> denial of a motion for summary judgment based on the defense
> of *res judicata may affect* a substantial right . . . .

*Id.* at 491, 428 S.E.2d at 161 (emphasis added). Further, in a subsequent opinion of this Court, *Bockweg* was interpreted as follows:

> *Bockweg* [does not mandate] in every instance immediate appeal
> of the denial of a summary judgment motion based upon the
> defense of *res judicata.* . . .
>
> . . . .
>
> [Rather], denial of a motion for summary judgment based
> upon the defense of *res judicata* may involve a substantial right
> so as to permit immediate appeal only *"where a possibility of*
> *inconsistent verdicts exists if the case proceeds to trial."*

*Country Club of Johnston County v. USF&G*, 135 N.C. App. 159, 166, 519 S.E.2d 540, 545-46 (1999) (emphasis added) (citing *Community Bank v. Whitley*, 116 N.C. App. 731, 733, 449 S.E.2d 226, 227, *disc. review denied*, 338 N.C. 667, 453 S.E.2d 175 (1994)).

Accordingly, the issue is not solely whether the defense of *res judicata* has been raised in a summary judgment motion, but also whether, absent an immediate appeal, there exists the possibility of inconsistent verdicts if the case proceeds to trial. *See id.* Another recent opinion of this Court indicates that the answer under the circumstances *sub judice* is in the affirmative.

In *Little v. Hamel*, 134 N.C. App. 485, 517 S.E.2d 901 (1999), summary judgment was entered on the plaintiff's claim of negligent representation against a law firm, and plaintiff did not pursue an appeal. Approximately one year later, plaintiff instituted a "joint and several" claim of fraud against the law firm and an individual member thereof essentially based upon the same alleged actions the plaintiff had cited as supporting the earlier negligence claim. In the second case, the defendants' summary judgment motion grounded upon the defense of *res judicata* was denied. Although not analyzing the issue, this Court appears to have determined a substantial right was affected in light of the potential for a verdict in the second case inconsistent with the award of summary judgment to the defendant law firm in the first case. *Cf. Community Bank*, 116 N.C. App. at 733, 449 S.E.2d at 227 (appeal of denial of summary judgment motion based on *res judicata* deemed interlocutory; "facts of this case would not lead to" inconsistent verdicts if case proceeded to trial).

**CLARK v. VISITING HEALTH PROF'LS, INC.**

[136 N.C. App. 505 (2000)]

In the instant case, were plaintiff's action to proceed to trial, a result might be reached inconsistent with the earlier ruling of the clerk of court. I therefore join with the majority in voting to consider defendant's appeal and concur in the resulting opinion save as noted above.