CARRIE MAE RICKMAN, and CARRIE MAE RICKMAN, as legal guardian for KENNETH DALE RICKMAN, Plaintiffs,
v.
JAMES LEE WOODARD, Defendant.
No. COA09-963.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Ridenour & Murphy, P.A., by J. Hunter Murphy, for plaintiffs-appellants.
Pavey Law Firm, P.A., by John J. Pavey, Jr., for defendant-appellee.
JACKSON, Judge.
Carrie Mae Rickman and Carrie Mae Rickman as legal guardian for Kenneth Dale Rickman ("plaintiffs") appeal the order rendered in open court on 2 April 2009 and entered on 13 May 2009 that granted in part and denied in part their motion to dismiss and motion for partial summary judgment and denied their motion to compel. For the reasons stated below, we dismiss plaintiffs' appeal as interlocutory.
Plaintiff, individually, and James Lee Woodard ("defendant") were involved in a romantic relationship beginning in the late 1970's or early 1980's. The parties disagree as to when the romantic portion of their relationship ended. On 19 June 1991, defendant purchased a residence on Trumpet Drive in Cullowhee, North Carolina, recorded in Deed Book 780, Page 487 of the Jackson County Public Registry ("the home"). Although only defendant's name appears on the title, plaintiffs contend that they contributed approximately two thirds of each of the monthly mortgage payments for the property. Defendant contends that plaintiffs were responsible for the electricity bill, phone bill, and groceries but that he alone was responsible for the mortgage payments.
In April 2007, defendant moved out of the home. According to defendant, once he left the home, he demanded $300.00 in rent from plaintiffs each month so that they could remain in the home. However, according to plaintiffs, defendant requested the full $465.00 in monthly mortgage payments when he moved out and only recently began to refer to their monthly payments as "rent." Plaintiffs contend that defendant is marketing the home for sale and intends to keep all of the proceeds for himself, notwithstanding their two-thirds interest in the home. Defendant contends that plaintiffs have ceased to pay rent and have allowed other family members to move their mobile homes onto the property against his wishes.
On 11 March 2008, defendant filed a summary ejectment complaint, demanding possession of the premises and recovery of $465.00 in monthly rent due 29 February 2008, plus daily rental until entry of judgment, interest, and reimbursement for court costs. On 20 March 2008, the magistrate found for defendant and ordered that plaintiffs pay defendant $465.00. On appeal, the trial court reversed the magistrate concluding "as a matter of law that no landlord tenant relationship exists between the parties." In this 21 April 2008 order, the trial court found six facts as follows:
(1) In June, 1991, [now-defendant] and [now-plaintiff, individually], Carrie Mae Rickman moved in with each other on property conveyed to defendant by deed dated June 19, 1991 and recorded in Book 780, Page 487, Jackson County Registry.
(2) The Parties had no written lease and no written agreement of any other kind.
(3) In addition, the parties had no formal oral agreement with any terms and conditions.
(4) The [now-defendant] paid the mortgage payments and the [now-plaintiff, individually] generally paid the light bill and bought groceries.
(5) The [now-plaintiffs], Kenneth Rickman and Mary Hampton moved in at some later time. The Court has heard no evidence as to any agreement of any nature with them.
(6) Within the past year, [now-defendant] moved out and on February 29, 2008, [now-defendant] gave [now-plaintiffs] notice to leave the premises.
Defendant did not appeal the 21 April 2008 order dismissing his ejectment action.
On 11 April 2008, plaintiffs filed the complaint in this action, alleging a right to recovery based upon theories of constructive trust and unjust enrichment and requesting a preliminary injunction. In his 23 June 2008 answer, defendant denied the complaint's allegations and counterclaimed for breach of contract, trespass, and unjust enrichment. On 22 August 2008, plaintiffs moved to dismiss defendant's counterclaim based upon the doctrine of res judicata, and on 6 March 2009, plaintiffs moved for partial summary judgment. The trial court granted in part and denied in part plaintiffs' motion to dismiss and motion for partial summary judgment in an order entered on 13 May 2009. Defendant's counterclaim for breach of contract was dismissed, and his counterclaim for trespass was dismissed as far as it concerned rental payments. Counterclaims for recovery of rent were also dismissed. Defendant's counterclaims of trespass and unjust enrichment with respect to plaintiffs' refusal to leave the home after receiving the 29 February 2008 notice to vacate from defendant were allowed to proceed. Plaintiffs appeal the 13 May 2009 order.
Plaintiffs argue that the trial court erred in denying their motion to dismiss defendant's counterclaim and motion for partial summary judgment based upon the doctrine of res judicata. In this case, plaintiffs bear the burden of showing that their appeal is proper. Johnson v. Lucas, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, aff'd, 360 N.C. 53, 619 S.E.2d 502 (per curiam) (2005). Because we hold that plaintiffs' appeal is interlocutory, we do not address the merits of their contention.
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citing Johnson v. Roberson, 171 N.C. 194, 88 S.E. 231 (1916)). Ordinarily, an interlocutory order is not immediately appealable. Goldston v. American Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, one exception from this rule is when "such order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." Veazey, 231 N.C. at 362, 57 S.E.2d at 381 (citations omitted); see also N.C. Gen. Stat. § 1-277(a) (2007) ("An appeal may be taken from every judicial order or determination of a judge of a superior or district court, . . . which affects a substantial right claimed in any action or proceeding[.]").
This Court previously has held that a denial of a motion for summary judgment based upon the doctrine of res judicata may affect a substantial right when "a possibility of inconsistent verdicts exists if the case proceeds to trial[.]" Community Bank v. Whitley, 116 N.C. App. 731, 733, 449 S.E.2d 226, 227, disc. rev. denied, 338 N.C. 667, 453 S.E.2d 175 (1994); see also Country Club of Johnston County, Inc. v. U.S. Fidelity and Guar. Co., 135 N.C. App. 159, 166-67, 519 S.E.2d 540, 545-46 (1999) (discussing precedent on this issue from both this Court and our Supreme Court).
In the instant case, the 13 May 2009 order is interlocutory, because plaintiffs' claims, as well as two of defendant's counterclaims, remain to be decided by the trial court. Plaintiffs argue that the denial of their motion for summary judgment opens up the possibility for inconsistent verdicts and therefore, affects a substantial right. However, the final order from the original ejectment action dismissed defendant's claim, concluding only that "no landlord tenant relationship exists between the parties." The absence of a landlord-tenant relationship between the parties for the period prior to February 2008 does not preclude a conclusion that defendant may recover from plaintiffs pursuant to theories of either trespass or unjust enrichment for the period following 29 February 2008. Even taking the uncontested factual findings of the 21 April 2008 order as binding, as is required, Pascoe v. Pascoe, 183 N.C. App. 648, 650, 645 S.E.2d 156, 157 (2007) (citations omitted), the trial court may find for either party with respect to these counterclaims without resulting in inconsistent verdicts. Accordingly, we dismiss plaintiffs' appeal as interlocutory.
Dismissed.
Judges ROBERT C. HUNTER and BRYANT concur.
Report per Rule 30(e).