ARROWOOD, Judge.
 

 *137
 
 Stephen Shaw Thompson ("defendant") appeals from the trial court's order denying his motion for summary judgment. For the following reasons, we dismiss the appeal.
 

 I.
 
 Background
 

 Shakeevia Brown ("plaintiff") commenced this action against defendant on 27 July 2017. Plaintiff asserted allegations including defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and sexual harassment. Defendant filed a motion to dismiss and an answer on 11 October 2017.
 

 On 25 April 2018, defendant filed a motion for summary judgment, or in the alternative, a motion to dismiss for failure to prosecute. Defendant sought summary judgment on the basis that principles of
 
 res judicata
 
 precluded plaintiff from any recovery. Defendant attached to the motion a copy of a "Complaint for No-contact Order for Stalking or Nonconsensual Sexual Conduct" filed by plaintiff in Wake County
 
 *138
 
 District Court on 5 October 2017. Defendant also attached to the motion a copy of the district court's 2 November 2017 "No Contact Order for Stalking or Nonconsensual Sexual Conduct" denying plaintiff's complaint and dismissing the matter upon finding a failure to prosecute.
 

 Defendant's motion for summary judgment was heard at the 31 May 2018 session of Wake County Superior Court. On 6 June 2018, the trial court entered an order denying defendant's motion for summary judgment. Defendant filed notice of appeal on 27 June 2018.
 

 II. Discussion
 

 At the outset, we must address the interlocutory nature of defendant's appeal.
 

 An order denying of a motion for summary judgment is an interlocutory order because it leaves the matter for further action by the trial court.
 
 See
 

 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."). "Generally, there is no right of immediate appeal from interlocutory orders and judgments."
 
 Goldston v. Am. Motors Corp.
 
 ,
 
 326 N.C. 723
 
 , 725,
 
 392 S.E.2d 735
 
 , 736 (1990). However, "immediate appeal is available from an interlocutory order or judgment
 
 *273
 
 which affects a substantial right."
 
 Sharpe v. Worland
 
 ,
 
 351 N.C. 159
 
 , 162,
 
 522 S.E.2d 577
 
 , 579 (1999) (quotation marks omitted).
 
 [1]
 

 "[W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' "
 
 Johnson v. Lucas
 
 ,
 
 168 N.C. App. 515
 
 , 518,
 
 608 S.E.2d 336
 
 , 338 (quoting N.C.R. App. P. 28(b)(4) ),
 
 aff'd per curiam
 
 ,
 
 360 N.C. 53
 
 ,
 
 619 S.E.2d 502
 
 (2005). "The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate
 
 why
 
 the order affects a substantial right."
 
 Hoke Cnty. Bd. of Educ. v. State
 
 ,
 
 198 N.C. App. 274
 
 , 277-78,
 
 679 S.E.2d 512
 
 , 516 (2009) (emphasis in original).
 

 Defendant concedes this appeal is interlocutory, but contends it affects a substantial right because the basis of his motion for summary
 
 *139
 
 judgment was that recovery in this action is barred by principles of
 
 res judicata
 
 .
 

 As defendant points out, this Court has acknowledged that "our Supreme Court has ruled that the denial of a motion for summary judgment based on the defense of
 
 res judicata
 
 ... is immediately appealable."
 
 McCallum v. N.C. Co-op. Ext. Serv. of N.C. State Univ.
 
 ,
 
 142 N.C. App. 48
 
 , 51,
 
 542 S.E.2d 227
 
 , 231 (citing
 
 Bockweg v. Anderson
 
 ,
 
 333 N.C. 486
 
 , 491,
 
 428 S.E.2d 157
 
 , 161 (1993) ),
 
 appeal dismissed and disc. review denied
 
 ,
 
 353 N.C. 452
 
 ,
 
 548 S.E.2d 527
 
 (2001). When considered in isolation, the above quote seems to be an absolute statement of the law; however, in context, it is clear that this Court was simply noting that, in
 
 Bockweg
 
 , the denial of the defendant's motion for summary judgment based on the defense of
 
 res judicata
 
 was held to affect a substantial right. In
 
 McCallum
 
 , this Court further stated, "the denial of summary judgment based on the defense of
 
 res judicata
 
 can affect a substantial right and may be immediately appealed."
 

 Id.
 

 (citing
 
 Bockweg
 
 ,
 
 333 N.C. at 491
 
 ,
 
 428 S.E.2d at
 
 161 ).
 

 In
 
 Bockweg
 
 , the Supreme Court explained why the denial of a motion for summary judgment based on the defense of
 
 res judicata
 
 can affect a substantial right and may be immediately appealable:
 

 As a general rule, a moving party may not appeal the denial of a motion for summary judgment because ordinarily such an order does not affect a substantial right. However, we have noted that while [t]he right to avoid one trial on the disputed issues is not normally a substantial right that would allow an interlocutory appeal, ... the right to avoid the possibility of two trials on the same issues can be such a substantial right.
 

 333 N.C. at 490-91
 
 ,
 
 428 S.E.2d at 160
 
 (quotation marks and citations omitted).
 

 Under the doctrine of
 
 res judicata
 
 , a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them. Thus, a motion for summary judgment based on
 
 res judicata
 
 is directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend against the same claim by the same plaintiff, or one in privity with that plaintiff. Denial of the motion could lead to a second trial
 
 *140
 
 in frustration of the underlying principles of the doctrine of
 
 res judicata
 
 . Therefore, we hold that the denial of a motion for summary judgment based on the defense of
 
 res judicata
 
 may affect a substantial right, making the order immediately appealable.
 

 Id.
 
 at 491,
 
 428 S.E.2d at 161
 
 (internal citations omitted).
 

 Subsequent to the Court's decision in
 
 Bockweg
 
 , this Court has noted the permissive language in
 
 Bockweg
 
 , emphasizing that
 
 Bockweg
 
 holds the denial of summary judgment based on a defense of
 
 res judicata
 
 "may" affect a substantial right.
 
 See
 

 Country Club of Johnston Cnty., Inc. v. U.S. Fidelity and Gaur. Co.
 
 ,
 
 135 N.C. App. 159
 
 , 166,
 
 519 S.E.2d 540
 
 , 545 (1999) ("[W]e do not read
 
 Bockweg
 
 as mandating in every instance immediate
 
 *274
 
 appeal of the denial of a summary judgment motion based upon the defense of
 
 res judicata
 
 . The opinion pointedly states reliance upon
 
 res judicata
 
 '
 
 may
 
 affect a substantial right.' ") (quoting Bockweg,
 
 333 N.C. at 491
 
 ,
 
 428 S.E.2d at 161
 
 (emphasis added)),
 
 disc. review denied
 
 ,
 
 351 N.C. 352
 
 ,
 
 542 S.E.2d 207
 
 (2000). In
 
 Country Club of Johnston Cnty
 
 ., this Court explained that,
 

 in an opinion issued shortly after
 
 Bockweg
 
 ,
 
 Community
 

 Bank v. Whitley
 
 ,
 
 116 N.C. App. 731
 
 ,
 
 449 S.E.2d 226
 
 ,
 
 disc. review denied
 
 ,
 
 338 N.C. 667
 
 ,
 
 453 S.E.2d 175
 
 (1994), [it] interpreted the permissive language of
 
 Bockweg
 
 as allowing, under the substantial right exception, immediate appeal of the denial of a motion for summary judgment based,
 
 inter alia
 
 , upon defense of
 
 res judicata
 
 "
 
 where a possibility of inconsistent verdicts exists if the case proceeds to trial
 
 ."
 
 Id.
 
 at 733,
 
 449 S.E.2d at 227
 
 (emphasis added);
 
 see also
 

 Little v. Hamel
 
 ,
 
 134 N.C. App. 485
 
 ,
 
 517 S.E.2d 901
 
 (1999) (appeal of denial of summary judgment motion based upon
 
 res judicata
 
 considered to affect substantial right where, although not directly noted by the Court, defendants had been absolved of liability in previous suit between the parties and faced possibility of inconsistent verdicts).
 

 In short, denial of a motion for summary judgment based upon the defense of
 
 res judicata
 
 may involve a substantial right so as to permit immediate appeal only "where a possibility of inconsistent verdicts exists if the case proceeds to trial."
 
 Community Bank
 
 ,
 
 116 N.C. App. at 733
 
 ,
 
 449 S.E.2d at 227
 
 .
 

 *141
 

 135 N.C. App. at 166-67
 
 ,
 
 519 S.E.2d at 545-46
 
 . There was no possibility of inconsistent verdicts in
 
 Country Club of Johnston Cnty.
 
 ,
 
 id.
 
 at 167,
 
 519 S.E.2d at 546
 
 , and this Court dismissed the appeal,
 
 id.
 
 at 168,
 
 519 S.E.2d at
 
 546 ;
 
 see also
 

 Northwestern Fin. Group, Inc. v. Cnty. of Gaston
 
 ,
 
 110 N.C. App. 531
 
 , 536,
 
 430 S.E.2d 689
 
 , 692 (holding there was no possibility for inconsistent verdicts because there had yet to be a trial in the matter because the initial action sought only equitable relief),
 
 disc. review denied
 
 ,
 
 334 N.C. 621
 
 ,
 
 435 S.E.2d 337
 
 (1993). Citing
 
 Country Club of Johnston Cnty.
 
 and
 
 Northwestern Fin. Group, Inc.
 
 , this Court has more recently stated that it "has previously limited interlocutory appeals to the situation when the rejection of [a
 
 res judicata
 
 defense] gave rise to a risk of two actual trials resulting in two different verdicts."
 
 Foster v. Crandell
 
 ,
 
 181 N.C. App. 152
 
 , 162,
 
 638 S.E.2d 526
 
 , 534,
 
 disc. review denied
 
 ,
 
 361 N.C. 567
 
 ,
 
 650 S.E.2d 602
 
 (2007).
 

 The present case is easily distinguishable from cases holding the denial of a motion for summary judgment on the basis of
 
 res judicata
 
 raises a substantial right to permit immediate appellate review. First, the posture of this case is unique in that the complaint in the present action was filed prior to the complaint in the district court case that defendant now claims precludes recovery. Second, the district court case, which sought only a no contact order under Chapter 50C of the General Statutes based on factual allegations similar to those made in the present case, was dismissed for plaintiff's failure to prosecute. Although a dismissal that does not indicate otherwise operates as an adjudication on the merits,
 
 see
 
 N.C. Gen. Stat. § 1A-1, Rule 41(b) (2017), there was no determination of the underlying issues that would raise the potential for an inconsistent verdict in the present case. Additionally, the issues to be decided in a Chapter 50C action for a no contact order are substantially more narrow than those to be determined in the present action seeking additional relief including money damages, relief not afforded in a Chapter 50C action. As a result, we hold the doctrine of
 
 res judicata
 
 does not raise a substantial right in this case to permit an immediate appeal of the trial court's denial of defendant's motion for summary judgment.
 

 III.
 
 Conclusion
 

 The denial of defendant's motion for summary judgment on the basis of
 
 res judicata
 
 does not affect a substantial right in this instance. Therefore, immediate appeal is not proper and defendant's appeal is dismissed.
 

 DISMISSED.
 

 Judges STROUD and TYSON concur.
 

 [1]
 

 Immediate appeal is also available if the trial court certifies the matter for immediate appeal.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 54 (b) (2017) ;
 
 Sharpe
 
 , 351 N.C. at 161-62,
 
 522 S.E.2d at 579
 
 . However, the trial court did not certify its order in this case as immediately appealable under Rule 54(b).