IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1293

Filed: 20 October 2015

Watauga County, No. 12 CvD 521

DEWEY WRIGHT WELL AND PUMP COMPANY, INC., Plaintiff,

v.

TRAVIS WORLOCK and wife, ASHLEY ROSE WORLOCK, Defendants.

Appeal by defendants from order entered on 16 September 2014 by Judge Hal Harrison in District Court, Watauga County. Heard in the Court of Appeals on 8 April 2015.

*Hedrick Kepley, PLLC, by Jeffery M. Hedrick, for plaintiff-appellee.*

*Deal, Moseley & Smith, LLP, by Bryan P. Martin, for defendant-appellants.*

STROUD, Judge.

Travis Worlock and Ashley Rose Worlock ("defendants") appeal from an order denying their motion for summary judgment. They argue that their defenses of *res judicata*, collateral estoppel, judicial estoppel, and election of remedies bar the claims of Dewey Wright Well and Pump Company, Inc. ("plaintiff"). Because we lack appellate jurisdiction, we dismiss this appeal.

I.       Background

In October 2010, defendants hired plaintiff to drill a well on their real property in Tennessee; plaintiff drilled a well and billed defendants. Defendants did not pay

the bill. On 24 August 2012, plaintiff filed its first lawsuit against defendants and David Taylor[1] for breach of contract and *quantum meruit* and alleged that "[o]n or about 25 October 2010, Defendants, by and through their agent David Taylor, executed a [written] contract with Plaintiff, whereby Plaintiff agreed to drill a well on property of Defendants" and that plaintiff had fully performed but that defendants and Mr. Taylor had failed to pay. Defendants and Mr. Taylor failed to timely answer. On 24 October 2012, plaintiff moved for entry of default and a default judgment against defendants only. *See* N.C. Gen. Stat. § 1A-1, Rule 55 (2011). On 24 October 2012, the Clerk of the Superior Court entered default against defendants and awarded plaintiff a default judgment of $14,642.85 plus pre-judgment interest, post-judgment interest, court costs, and attorneys' fees against defendants. On 1 November 2012, plaintiff voluntarily dismissed its claims against Mr. Taylor without prejudice.

On 7 January 2013, defendants moved to set aside the entry of default and the default judgment against them in the first lawsuit pursuant to North Carolina Rule of Civil Procedure 60(b). *See id.* § 1A-1, Rule 60(b) (2013). On or about 14 January 2013, plaintiff objected to defendants' motion. On 12 August 2013, the trial court

---

[1] Mr. Taylor was apparently an acquaintance of defendants. His signature appears as "Agent" of defendants on the contract for the well which was attached to plaintiff's complaint, although his capacity as an agent is disputed by defendants.

allowed defendants' motion and set aside the entry of default and the default judgment against them.

On 3 September 2013, plaintiff filed a second lawsuit (No. 13 CvD 453) to recover for the drilling of the well, but this lawsuit was only against Mr. Taylor for breach of contract and *quantum meruit*.[2] Mr. Taylor again failed to answer. On or about 11 October 2013, plaintiff moved for entry of default and a default judgment against Mr. Taylor. On 16 October 2013, the Clerk of the Superior Court entered default against Mr. Taylor. On 24 October 2013, the Clerk of the Superior Court awarded plaintiff a default judgment of $14,642.85 plus pre-judgment interest, post-judgment interest, court costs, and attorneys' fees against Mr. Taylor.

On 22 November 2013, defendants answered the complaint in the first lawsuit and alleged that they and plaintiff had orally agreed that plaintiff would drill a well no deeper than three hundred feet but that plaintiff had drilled beyond this depth. According to defendants, they were liable only for $11,187.00, as this amount reflected the terms of their oral contract. Defendants also alleged:

> David Taylor was never authorized in any capacity to act on behalf of Defendants, and Defendants never informed Plaintiff to the contrary. David Taylor, upon information and belief, conveyed no apparent authority to Plaintiff, but was told that somebody must sign a written contract in order for well digging to begin. [Defendants] were never made aware of any written contract and were justifiabl[y] operating under the oral contract with Plaintiff.

---

[2] Plaintiff had voluntarily dismissed its claims against Mr. Taylor in the first lawsuit, but defendants herein remained as defendants in the first lawsuit.

On or about 22 November 2013, plaintiff moved to set aside its own default judgment against Mr. Taylor in the second lawsuit pursuant to North Carolina Rule of Civil Procedure 60(b) and moved to consolidate the two actions alleging that "Defendants Worlock are contending that Plaintiff's Default Judgment against Taylor is a bar to Plaintiff's rights against [defendants.]" *See id.* On 11 March 2014, the trial court allowed plaintiff's motion and set aside the 24 October 2013 default judgment against Mr. Taylor.

On 8 May 2014, Mr. Taylor moved to dismiss plaintiff's action for lack of personal jurisdiction. On 21 May 2014, the trial court entered a consent order to consolidate the two actions. On 23 May 2014, defendants amended their answer to include the defenses of *res judicata*, collateral estoppel, judicial estoppel, and election of remedies. On 14 August 2014, defendants moved for summary judgment. On 8 September 2014, the trial court granted Mr. Taylor's motion to dismiss, concluding that it lacked personal jurisdiction over Mr. Taylor. On 15 September 2014, defendants amended their motion for summary judgment, and the trial court held a hearing on their motion. On 16 September 2014, the trial court concluded that defendants were not entitled to summary judgment on any of their four named defenses, denied defendants' motion, and set the case for trial. On 16 September 2014, defendants gave timely notice of appeal from the summary judgment order.

II.   Appellate Jurisdiction

We must first address whether we have jurisdiction to review the trial court's summary judgment order. "The denial of summary judgment is not a final judgment, but rather is interlocutory in nature." *Heritage Operating, L.P. v. N.C. Propane Exch., LLC*, 219 N.C. App. 623, 626, 727 S.E.2d 311, 314 (2012). "Generally, there is no right of immediate appeal from interlocutory orders and judgments. However, immediate appeal of an interlocutory order is available where the order deprives the appellant of a substantial right which would be lost without immediate review." *Whitehurst Inv. Prop's v. NewBridge Bank*, ___ N.C. App. ___, ___, 764 S.E.2d 487, 489 (2014) (citation and quotation marks omitted).

> The appellant bears the burden of demonstrating that the order is appealable despite its interlocutory nature. It is not the duty of this Court to construct arguments for or find support for an appellant's right to appeal; the appellant must provide sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.
> . . . We take a "restrictive" view of the substantial right exception and adopt a case-by-case approach.

*Wells Fargo Bank, N.A. v. Corneal*, ___ N.C. App. ___, ___, 767 S.E.2d 374, 376 (2014) (citations omitted).

Defendants argue that the order denying their summary judgment motion affects a substantial right because their motion was based on the defenses of *res judicata* and collateral estoppel.

> The denial of a motion for summary judgment based on the defense of *res judicata may* affect a substantial

right, making the order immediately appealable. This rule is directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend against the same claim by the same plaintiff, or one in privity with that plaintiff. Thus, the denial of a motion for summary judgment based upon the defense of *res judicata* may involve a substantial right so as to permit immediate appeal *only where a possibility of inconsistent verdicts exists if the case proceeds to trial.*

To demonstrate that a second trial will affect a substantial right, [a defendant] must show not only that one claim has been finally determined and others remain which have not yet been determined, but that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists.

*Heritage Operating*, 219 N.C. App. at 627-28, 727 S.E.2d at 314-15 (emphasis added

and citations, quotation marks, brackets, and footnote omitted).

When a trial court enters an order rejecting the affirmative defenses of res judicata and collateral estoppel, the order can affect a substantial right and may be immediately appealed. Incantation of the two doctrines does not, however, automatically entitle a party to an interlocutory appeal of an order rejecting those two defenses.

This Court has previously limited interlocutory appeals to the situation when the rejection of those defenses gave rise to a risk of two actual trials resulting in two different verdicts. *See, e.g.*, *Country Club of Johnston County, Inc. v. U.S. Fid. & Guar. Co.*, 135 N.C. App. 159, 167, 519 S.E.2d 540, 546 (1999) (holding that an order denying a motion based on the defense of res judicata gives rise to a "substantial right" only when allowing the case to go forward without an appeal would present the possibility of inconsistent jury verdicts), *disc. review denied*, 351 N.C. 352, 542 S.E.2d 207 (2000); *Northwestern Fin. Group, Inc. v. County of Gaston*, 110 N.C. App. 531, 536, 430 S.E.2d 689, 692 (holding that the defense of res judicata gives rise to a "substantial right" only when there is a risk of two

> actual trials resulting in two different verdicts), *disc. review denied*, 334 N.C. 621, 435 S.E.2d 337 (1993). One panel, however, has held that a "substantial right" was affected when defendants raised defenses of res judicata and collateral estoppel based on a prior federal summary judgment decision rendered on the merits. *See Williams v. City of Jacksonsville Police Dep't*, 165 N.C. App. 587, 589-90, 599 S.E.2d 422, 426 (2004).

*Foster v. Crandell*, 181 N.C. App. 152, 162-63, 638 S.E.2d 526, 533-34 (citation and quotation marks omitted), *disc. review denied*, 361 N.C. 567, 650 S.E.2d 602 (2007). In *Foster*, this Court dismissed the defendants' appeal without reconciling *Country Club*, *Northwestern*, and *Williams*, because there was no possibility of a result inconsistent with a prior jury verdict or a prior decision on the merits by a judge. *Id.* at 163-64, 638 S.E.2d at 534-35.

Here, none of plaintiff's claims against defendants or Mr. Taylor have been finally determined on their merits, because the trial court set aside plaintiff's 24 October 2012 default judgment against defendants and plaintiff's 24 October 2013 default judgment against Mr. Taylor. Although the trial court did later make a final determination of plaintiff's claims against Mr. Taylor, this final determination was based on a lack of personal jurisdiction, not on the merits of the underlying claims. Accordingly, we hold that there is no possibility of a result inconsistent with a prior jury verdict or a prior decision on the merits by a judge. *See id.* at 163, 638 S.E.2d at 534; *Heritage Operating*, 219 N.C. App. at 627-28, 727 S.E.2d at 314-15.

Defendants argue that plaintiff is barred from continuing to pursue its action against them by *res judicata*, collateral estoppel, judicial estoppel, and election of remedies, based upon the 24 October 2013 default judgment against Mr. Taylor in the second lawsuit, despite the fact that the judgment was set aside and the trial court later determined that it did not have personal jurisdiction over Mr. Taylor. We disagree.

> Under the doctrine of res judicata or "claim preclusion," a final judgment on the merits in one action precludes a second suit based on the same cause of action between the parties or their privies. . . . Under the companion doctrine of collateral estoppel, also known as "estoppel by judgment" or "issue preclusion," the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding.

*Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004).

The trial court set aside the default judgment against Mr. Taylor pursuant to Rule 60(b)(6), which provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) Any other reason justifying relief from the operation of the judgment." *See* N.C. Gen. Stat. § 1A-1, Rule 60(b). The trial court's order caused the default judgment against Mr. Taylor to no longer be "a final judgment on the merits" and opened up plaintiff's claims against Mr. Taylor to

relitigation. *See Biosignia*, 358 N.C. at 15, 591 S.E.2d at 880. Plaintiff's claims against Mr. Taylor were in fact relitigated and then disposed of in the trial court's order granting Mr. Taylor's motion to dismiss for lack of personal jurisdiction.[3] Additionally, we note that the trial court set aside the default judgment precisely in order to avoid any *res judicata* or collateral estoppel problems, as is evidenced by its findings of fact and conclusions of law, which provide in part:

> [Finding of Fact] 6. Defendant Taylor has not satisfied the Judgment, in whole or [in] part.
>
> 7. While Defendants Worlock have denied that Defendant Taylor was acting as their agent, they have, in 12 CvD 521, contended that the Default Judgment against Taylor, which is predicated upon agency principles, is a bar to any recovery from them by Plaintiff in 12 CvD 521.
>
> Based upon the foregoing Findings of Fact, the Court concludes as a matter of law that extraordinary circumstances exist and the interests of justice require that the Default Judgment entered herein on 24 October [2013] against Defendant Taylor should be set aside pursuant to Rule 60(b)(6).

(Portion of original in bold and all caps.) We hold that the trial court's order setting aside the default judgment against Mr. Taylor opened up plaintiff's claims against Mr. Taylor, as well as any related issues, to relitigation and that the trial court later disposed of those claims without deciding the merits of any of those claims or issues.

---

[3] Neither plaintiff nor defendants appealed from this order and have not challenged on appeal the trial court's determination that it had no personal jurisdiction over Mr. Taylor.

We further hold that the default judgment against Mr. Taylor was void *ab initio* because the trial court later determined that it lacked personal jurisdiction over Mr. Taylor. *See Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 689, 567 S.E.2d 179, 184 (2002) (holding that orders were void *ab initio* for want of personal jurisdiction); *Hamilton v. Johnson*, ___ N.C. App. ___, ___, 747 S.E.2d 158, 164 (2013) (same). Accordingly, there is no possibility of inconsistent verdicts, and defendant has failed to demonstrate how the challenged interlocutory order affects a substantial right. *See Heritage Operating*, 219 N.C. App. at 627-28, 727 S.E.2d at 314-15; *Corneal*, ___ N.C. App. at ___, 767 S.E.2d at 376; *Robinson v. Gardner*, 167 N.C. App. 763, 769, 606 S.E.2d. 449, 453 ("[M]ere avoidance of a trial is not a substantial right entitling an appellant to immediate review.") (quotation marks and ellipsis omitted), *disc. review denied*, 359 N.C. 322, 611 S.E.2d 417 (2005). Because defendants have failed to meet this burden, we hold that we lack jurisdiction to review this appeal. *See Corneal*, ___ N.C. App. at ___, 767 S.E.2d at 376.

III.    Conclusion

Because we lack appellate jurisdiction, we dismiss this appeal.

DISMISSED.

Judges CALABRIA and TYSON concur.