IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-746

Filed 04 April 2023

Wake County, No. 18 CVS 12063

EDWARD BARTELS,
ADMINISTRATOR OF THE ESTATE OF
JEANNE ELLEN BARTELS, Plaintiff,

v.

FRANKLIN OPERATIONS, LLC d/b/a
FRANKLIN MANOR ASSISTED LIVING CENTER,
SABER HEALTHCARE GROUP, LLC, and
KIMBERLY RICHARDSON, Defendants.

Interlocutory appeal by defendants from order entered 25 April 2022 by Judge

Vince M. Rozier, Jr. in Wake County Superior Court. Heard in the Court of Appeals

21 February 2023.

*Gugenheim Law Offices, P.C., by Stephen J. Gugenheim, for plaintiff-appellee.*

*Parker Poe Adams & Bernstein LLP, by Scott E. Bayzle and Daniel E. Peterson, for defendant-appellant.*

FLOOD, Judge.

Defendants argue the trial court erred in denying their motion for summary

judgment on *res judicata* and collateral estoppel grounds. As we explain in further

detail below, we lack appellate jurisdiction to hear Defendants' interlocutory appeal.

**I. Facts and Procedural Background**

Defendant Franklin Operations, LLC ("Franklin Operations") is a Virginia corporation with a principal place of business in Franklin County, North Carolina, and that does business in North Carolina as the licensed owner and operator of an adult care home known as Franklin Manor Assisted Living Center (Defendant "Franklin Manor"). Defendant Saber Healthcare Group, LLC ("Saber") is an Ohio corporation that does business in North Carolina as the manager of Franklin Manor. Defendant Kimberly Richardson ("Richardson") was Executive Director of Franklin Manor and, allegedly, a joint employee of Saber.[1]

From 28 October 2015 to 13 November 2015, Jeanne Ellen Bartels ("Ms. Bartels") was a resident of the Alzheimer's Dementia special care unit at Franklin Manor. During her approximately two weeks at Franklin Manor, Ms. Bartels suffered three falls: one on 4 November, one on 6 November, and one on 13 November. Ms. Bartels died within two years after her discharge from Franklin Manor. Plaintiff is the administrator of Ms. Bartels' estate.

## A. The Federal Action

On 24 May 2016, Ms. Bartels and two others[2] filed a Class Action Complaint against Franklin Manor, Saber, and others,[3] in Franklin County Superior Court,

---

[1] This group is collectively referred to as "Defendants."

[2] Plaintiff and Class Members in the trial level contract suit will be referred to as "the plaintiffs."

[3] Defendants in the trial level contract suit and federal contract suit will be referred to as "the defendants."

alleging they had entered into an "Assisted Living Residency Agreement" (the "Agreement") with the defendants. The plaintiffs sought relief for, *inter alia*, breach-of-contract, and alleged the defendants violated the Agreement by failing "to comply with their contractual obligations to provide services to meet the safety, good grooming and well-being needs of the [p]laintiffs and Class Members." The plaintiffs contended the defendants' contractual obligations included "assistance with walking, toileting, housekeeping, grooming, eating, delivering medications, and overall supervision to ensure that the residents remain safe[,]" and Franklin Manor was staffed "in such a manner that they were unable to provide the [required] services."

The case was removed to the United States District Court for the Eastern District of North Carolina. On 21 October 2020, the federal court denied the plaintiffs' motion for class certification, and the case proceeded on the individual claims of Plaintiff and his co-plaintiffs. That case was litigated in federal court for more than five years. As part of discovery, the defendants provided the expert report of Dr. James S. Parson, who reviewed records concerning Ms. Bartels' medical records and the care she received at Franklin Manor. The defendants also provided the expert report of Stacy Macey.

On 30 April 2021, the defendants moved for summary judgment. On 27 January 2022, the federal court granted the defendants' motion.

**B. The Current Action**

On 3 October 2018, while the federal action was pending, Plaintiff filed the original complaint of the current action in Wake County Superior Court. In addition to Franklin Operations and Saber, Richardson was named as Defendant. Plaintiff sought relief for alleged ordinary and corporate negligence or, in the alternative, for medical malpractice. As part of the negligence claim, Plaintiff alleged "Saber['s] . . . employees and agents had a duty to exercise reasonable care to ensure the safety of the residents of Franklin Manor, including [Ms. Bartels]." Plaintiff contended, "[a]s a direct and proximate result of the above-described negligence of Defendant Saber . . . and its employees and agents, [Ms. Bartels] suffered injuries to her person, and such injuries caused her great physical and mental pain and suffering, and caused her to incur medical expenses[.]" Further, "[t]he acts and failures of Defendant Saber . . . and its managing employees and managing agents were committed in reckless disregard of the rights of [Ms. Bartels], were grossly negligent and resulted in [her] serious and permanent injury[.]"

On 4 March 2022, after the deadline for Plaintiff to appeal the federal court's judgment expired, Defendants filed both a notice of the federal court's final order and judgment and a Motion for Summary Judgment. Defendants moved on the grounds that Plaintiff's recovery is barred under the doctrines of *res judicata* and under the doctrine of collateral estoppel. On 25 April 2022, the trial court entered an order denying the motion. Defendants timely appealed.

## II. Jurisdiction

In most instances, a party has "no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, "immediate review is available where the order affects a substantial right." *Smith v. Polsky*, 251 N.C. App. 589, 594, 796 S.E.2d 354, 358 (2017). An interlocutory appeal of the "denial of a motion to dismiss premised on *res judicata* and collateral estoppel does not *automatically* affect a substantial right; the burden is on the party seeking review of the interlocutory order to show how it will affect a substantial right absent immediate review." *Whitehurst Inv. Properties, LLC v. NewBridge Bank*, 237 N.C. App. 92, 95, 764 S.E.2d 487, 489 (2014) (emphasis in original); *see also Dewey Wright Well and Pump Co., Inc. v. Worlock*, 243 N.C. App. 666, 669, 778 S.E.2d 98, 100–01 (2015) ("The appellant bears the burden of demonstrating that the order is appealable despite the interlocutory nature.").

"[T]o meet its burden of showing how a substantial right would be lost without immediate review, the appealing party must show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *Whitehurst*, 237 N.C. App. at 96, 764 S.E.2d at 490; *see also Smith*, 251 N.C. App. at 596, 796 S.E.2d at 360 ("Interlocutory appeals are limited to the situation when the rejection of defenses based upon res judicata or collateral estoppel give rise to a risk of two actual trials resulting in two different verdicts.") (citation and internal quotation marks omitted). "In making this determination, [we] take a

restricted view of the substantial right exception to the general rule prohibiting immediate appeals from interlocutory orders." *Id.* at 595, 796 S.E.2d at 359.

In *Bockweg v. Anderson*, our Supreme Court held "the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable." 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993). Following our Supreme Court's decision, this Court issued several opinions where we cited *Bockweg*, and held a denial of a motion for summary judgment on the basis of *res judicata* affects a substantial right and entitles a party to immediate interlocutory appeal (the "*Moody* line of cases"). *See Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 83, 609 S.E.2d 259, 261 (2005) ("The denial of a motion for summary judgment on the basis of res judicata affects a substantial right and, thus, entitles a party to immediate appeal."); *see also Clancy v. Onslow Cty.*, 151 N.C. App. 269, 271, 564 S.E.2d 920, 922 (2002); *see also Wilson v. Watson*, 136 N.C. App. 500, 501, 524 S.E.2d 812, 813 (2000); *see also Little v. Hamel*, 134 N.C. App. 485, 487, 517 S.E.2d 901, 902 (1999).

This Court, however, has issued a separate, more specific line of cases where we "noted the permissive language in *Bockweg*, emphasizing that *Bockweg* holds the denial of summary judgment based on a defense of *res judicata may* affect a substantial right." *Brown v. Thomson*, 264 N.C. App. 137, 140, 825 S.E.2d 271, 273 (2019) (emphasis added) (internal quotation marks omitted) (citing *Country Club of Johnston Cnty., Inc. v. U.S. Fidelity and Gaur Co.*, 135 N.C. App. 159, 166, 519 S.E.2d

540, 545 (1999)).  Likewise, in regard to collateral estoppel, this Court has provided "the denial of summary judgment based on collateral estoppel . . . *may* expose a successful defendant to repetitious and unnecessary lawsuits. . . . [and] *may* affect a substantial right[.]"  *See McCallum v. N.C. Co-op Ext. Serv. of N.C. State Univ.*, 142 N.C. App. 48, 51, 542 S.E.2d 227, 231 (2001) (emphasis added); *see also Dewey*, 243 N.C. App. at 670, 778 S.E.2d at 101 ("When a trial court enters an order rejecting the affirmative defenses of res judicata and collateral estoppel, the order *can* affect a substantial right and *may* be immediately appealed.  Incantation of the two doctrines does not, however, automatically entitle a party to an interlocutory appeal of an order rejecting those defenses.") (emphasis added) (citation omitted).

Although an order rejecting the defenses of *res judicata* and collateral estoppel "*can* affect a substantial right and *may* be immediately appealed[,]" an interlocutory appeal from such an order is "limited to the situation when the rejection of defenses based upon res judicata or collateral estoppel give[s] rise to a risk of two actual trials resulting in two different verdicts[.]"  *Smith*, 251 N.C. App. at 596, 796 S.E.2d at 359–60 (emphasis in original) (internal quotation marks omitted) (citing *Foster v. Crandell*, 181 N.C. App. 152, 162, 638 S.E.2d 526, 534, *disc. rev. denied*, 361 N.C. 567, 650 S.E.2d 602 (2007)).  In the more recent case of *Denney v. Wardson Construction, Inc.*, 264 N.C. App. 15, 824 S.E.2d 436, (2019), we distinguished the *Moody* line of cases from the more specific line of cases and explained how an appellant must meet its burden of showing there is a risk of two different, inconsistent verdicts.

In *Denney*, the defendant filed an interlocutory appeal to this Court for the trial court's denial of its motion to dismiss and contended, "rejection of a res judicata defense is like rejection of a sovereign immunity defense—meaning there is no need to explain why the facts of this particular case warrant immediate appeal." 264 N.C. App. at 18, 824 S.E.2d at 438–39. The defendant "point[ed] to a series of [decade-old] decisions made by this [C]ourt that, in its view, expressly adopted a bright-line rule that any order rejecting a res judicata defense is immediately appealable." *Id.* at 18, 824 S.E.2d at 439; *see Moody*, 169 N.C. App. at 83, 609 S.E.2d at 261 (2005); *see also Wilson*, 136 N.C. App. at 501, 524 S.E.2d at 813 (2000); *see also Little*, 134 N.C. App. at 487, 517 S.E.2d at 902 (1999). We were unpersuaded by the defendant's argument, and provided,

> To confer appellate jurisdiction in this circumstance, the appellant *must* include in *its opening brief*, in *the statement of grounds for appellate review*, sufficient facts and argument to support appellate review on the ground that the unchallenged order affects a substantial right.
>
> Importantly, this Court will not construct arguments for or find support for appellant's right to appeal from an interlocutory order on our own initiative. That burden falls solely on the appellant. As a result, if the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of the appellate jurisdiction.
>
> . . . .
>
> We are not persuaded the [*Moody* line of cases] mean what [the defendant] claims. To be sure, these cases all permitted an immediate appeal of a res judicata issue. But

none of these cases examined and rejected the notion that
the appellants *must* show the appeal is permissible based
on the *particular facts of their case*. Instead, the Court in
these cases simply held that the appeal was permissible,
without a detailed distinction between the types of issues
that categorically affect a substantial right and those that
must be considered on a case-by-case basis.

More importantly, there is a separate, more specific line of
cases holding that an individualized factual showing is
required in res judicata cases. As this Court recently
reaffirmed, when a trial court enters an order rejecting the
affirmative defense of res judicata, the order *can* affect a
substantial right and *may* be immediately appealed.

. . . .

The [more specific] line of cases applied this reasoning and
held that rejections of a res judicata defense, while not
categorically appealable in every case, *may* be immediately
appealable if it creates a risk of inconsistent verdicts.
Thus, even assuming there is a conflict between the [more
specific] line of cases and the [*Moody* line of] cases . . . we
must follow the [more specific line of cases] because that
line of precedent both came first and, over time, expressly
addressed and distinguished the reasoning of the cases
cited by [the defendant].

Applying this controlling line of precedent, we again
reaffirm that an appellant seeking to appeal an
interlocutory order involving res judicata *must* include in
the statement of the grounds for appellate review an
explanation of how the challenged order would create a risk
of inconsistent verdicts or otherwise affect a substantial
right on the particular facts of that case.

*Denney*, 264 N.C. App. at 17–19, 824 S.E.2d at 438–39 (emphasis added) (internal

citations and internal quotation marks omitted). As the defendant in *Denney* failed

to include in its statement of the grounds for appellate review an explanation of how

the challenged order would create a risk of inconsistent verdicts *on the particular facts of the case*, we dismissed the defendant's interlocutory appeal for lack of appellate jurisdiction. *Id.* at 19–20, 824 S.E.2d at 439–40.

Here, in the statement of grounds for appellate review in their opening brief, Defendants assert,

> The [trial court's] order affects a substantial right and is therefore immediately appealable. Franklin Manor and [Saber] are deprived of the benefit of a previous final ruling and judgment in their favor by a court of competent jurisdiction, and would therefore be subjected to a subsequent trial on matters previously and finally adjudicated.

To support this assertion, Defendants cite language from *McCallum v. N.C. Co-op Ext. Serv. of N.C. State Univ.*; specifically, that "the denial of a motion for summary judgment based on the defense of *res judicata* . . . is immediately appealable[,]" and "we hold that the denial of a motion for summary judgment based on the defense of collateral estoppel may affect a substantial right, and . . . [the] defendants' appeal, although interlocutory, is properly before us." 142 N.C. App. at 51, 542 S.E.2d at 231.

Defendants do not allege in their opening brief they are categorically entitled to immediate appeal for the trial court's rejection of their *res judicata* defense, but their argument, together with the language they cite from *McCallum*, supports only that contention. As we have clarified, there is no categorical right to immediate appeal from denial of a *res judicata* defense in every case; denial of a motion for summary judgment based on *res judicata can* affect a substantial right and *may* be

- 10 -

immediately appealed.[4]  *See Denney*, 264 N.C. App. at 19, 824 S.E.2d at 439; *see Brown*, 264 N.C. App. at 140, 825 S.E.2d at 273.  Likewise, as provided in *McCallum*—the relevant language of which is *cited by Defendants*—denial of a motion for summary judgment based on collateral estoppel *can* affect a substantial right and *may* be immediately appealed.  *See McCallum*, 142 N.C. App. at 51, 542 S.E.2d at 230.  Immediate appeal from the denial of *res judicata* and collateral estoppel defenses is proper where the rejection of these two defenses gives rise to the risk of inconsistent verdicts (and therefore affects a substantial right), but the appellant *must* meet its burden of showing this risk.[5]  *See Denney*, 264 N.C. App. at 19–20, 824 S.E.2d at 439–40; *see Smith*, 251 N.C. App. at 596, 796 S.E.2d at 359–60; *see Whitehurst*, 237 N.C. App. at 95, 764 S.E.2d at 489; *see also Dewey*, 243 N.C. App. at 669, 778 S.E.2d at 100–01.

Applying the "controlling line of precedent," Defendants are not categorically entitled to immediate appeal from the trial court's denial of their Motion for Summary

---

[4] We note that, in *McCallum*, immediately after the language cited by Defendants, we provided, "the denial of summary judgment based on the defense of *res judicata can* affect a substantial right and *may* be immediately appealed."  142 N.C. App. at 51, 542 S.E.2d at 230 (emphasis added).

[5] In *Skinner v. Quintiles Transnational Corp.*, we noted an "apparent conflict" in our caselaw—that we have held "the denial of a motion for judgment on the pleadings based on *res judicata* affects a substantial right and is immediately appealable[,]" while "another panel of this Court has limited such interlocutory appeals to situations where the prior decision involved a jury verdict."  167 N.C. App. 478, 482, 606 S.E.2d 191, 193 (2004).  We did not attempt to resolve this conflict, and instead invoked Rule 2 of the North Carolina Rules of Appellate Procedure to hear the appellant's interlocutory appeal premised on *res judicata*.  *Id.* at 482, 606 S.E.2d at 193.  Since *Skinner*, however, we have clarified in the more specific line of cases that, for interlocutory appeals, an individualized factual showing is required in *res judicata* cases.  *See Denney*, 264 N.C. App. at 18–19, 824 S.E.2d at 439.

Judgment premised on *res judicata* and collateral estoppel. *See Denney*, 264 N.C. App. at 19, 824 S.E.2d at 439. Per *Denney*, it was incumbent upon Defendants to include, in their opening brief, an explanation of how the trial court's order would create a risk of inconsistent verdicts or otherwise affect a substantial right based on the *particular facts of this case*. *See Denney*, 264 N.C. App. at 19–20, 824 S.E.2d at 439–40; *see Whitehurst*, 237 N.C. App. at 95, 764 S.E.2d at 489. Although *Denney* pertained singularly to an interlocutory appeal premised on *res judicata*, interlocutory appeals premised on collateral estoppel are, like with *res judicata*, limited to situations where the rejection of a collateral estoppel defense gives rise to the risk of two inconsistent verdicts. *See Smith*, 251 N.C. App. 596, 796 S.E.2d 359–60. The burden is on the appellant to show this risk, and we delineated in *Denney* the requirements for an appellant to meet this burden. *See Denney*, 264 N.C. App. at 17–19, 824 S.E.2d at 438–39. Accordingly, the rules set forth in *Denney* apply not only to our analysis of Defendants' appeal premised on *res judicata*, but also their appeal premised on collateral estoppel.

Defendants do not explain in their opening brief, based on the *particular facts of this case*, how the trial court's order creates a risk of inconsistent verdicts or otherwise affects a substantial right under either the defenses of *res judicata* or collateral estoppel. Rather, Defendants argue, without further support, "[t]he [trial court's] order affects a substantial right and is therefore immediately appealable[,]" and Defendants "are deprived of the benefit of a previous final ruling and judgment

in their favor by a court of competent jurisdiction and would therefore be subjected to a subsequent trial on matters previously and finally adjudicated." Defendants do, in their reply brief, assert "the federal court held that the adequacy of Ms. Bartels' supervision and care at Franklin manor *was* the factual issue 'at the heart' of Plaintiff's Federal Action[,]" and "[t]he factual issues are the same, and there is the possibility of inconsistent verdicts if this case proceeds to trial." Defendants' assertion in their reply brief does not meet the requirements as set forth in *Denney*; Defendants do not show in their opening brief, in the statement of the grounds for appellate review, that appeal is permissible based on the particular facts of this case. *See Denney*, 264 N.C. App. at 18, 824 S.E.2d at 438. Defendants have failed to meet their burden of demonstrating the trial court's order affected a substantial right, and we will not on our own initiative construct arguments for or find support for Defendants' right to appeal from an interlocutory order. *See Smith*, 251 N.C. App. at 595, 796 S.E.2d at 358-59; *see Denney*, 264 N.C. App. at 19–20, 824 S.E.2d at 439–40.

### III. Conclusion

Defendants failed to show in their opening brief, in the statement of grounds for appellate review, why their appeal is permissible on the facts of this case. We therefore dismiss Defendants' interlocutory appeal for lack of appellate jurisdiction.

DISMISSED.

Judges ZACHARY and RIGGS concur.