IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-928

Filed 4 June 2024

Nash County, No. 21CVS1955

ROBERT WHITE, Plaintiff,

v.

BRAVE QUEST CORP. and ELOGHOMES.COM, Defendants.

Appeal by plaintiff from order entered 18 April 2023 by Judge Brenda G. Branch in Nash County Superior Court. Heard in the Court of Appeals 16 April 2024.

*Walker Kiger, PLLC, by David Steven Walker, II, for plaintiff-appellant.*

*Teague Campbell Dennis & Gorham, by Daniel T. Strong, for defendants-appellees.*

FLOOD, Judge.

Plaintiff Robert White appeals from the trial court's order compelling discovery and an order imposing sanctions against him for failure to comply with the discovery order. On appeal, Plaintiff argues the trial court erred in granting Defendants Brave Quest Corp. and eloghomes.com's motion to compel discovery and ordering sanctions against Plaintiff. Because Plaintiff did not file a timely notice of appeal as to the motion to compel, and failed to adequately allege the sanctions order affected a substantial right, we conclude Plaintiff's appeal is not properly before this Court.

## I. Factual and Procedural Background

Defendant Brave Quest Corp. is a North Carolina business that operates a

website with the domain name, "eloghomes.com." Defendants are in the business of selling and manufacturing log homes and supplies. In January 2021, Plaintiff entered into an agreement wherein Defendants would send log home building materials to Plaintiff in Arizona. The parties agreed that 10 July 2021 would be the delivery date. On 24 January 2021, Plaintiff, in contemplation of the agreement, paid Defendants $32,678.69. On 28 April 2021, Plaintiff paid an additional $51,852.33 to Defendants, bringing Plaintiff's total payment amount to $84,531.02. Any remaining balance was to be paid upon delivery of the building materials.

Defendants provided Plaintiff with preliminary blueprints for his review, and Plaintiff requested design changes. Defendants made the requested changes and sent the revised blueprints to Plaintiff, but Plaintiff did not respond. Plaintiff failed to approve the blueprints and make arrangements for the delivery of the log home. Defendants offered to extend the 10 July 2021 deadline and preserve the originally agreed upon price. On 29 July 2021, Plaintiff responded to Defendants' offer and indicated he would "have to cancel [his] purchase and perhaps make the purchase later on." On 30 July 2021, Plaintiff wrote to Defendants again and "demanded" they reduce the agreed upon price by $8,866.00. Defendants did not accept Plaintiff's "demand," but they did offer to give Plaintiff additional time to make additional payments on the outstanding amount owed or change his order to a less expensive design. Plaintiff responded with a threat of litigation.

On 28 December 2021, Plaintiff filed a complaint alleging Defendants

breached the contract that they had entered into with Plaintiff and committed Unfair and Deceptive Trade Practices ("UDTP").

On 25 March 2022, Defendants moved to dismiss Plaintiff's UDTP claim for failure to state a claim upon which relief can be granted in violation of Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

On 6 January 2023, Defendants filed a motion for partial summary judgment on the UDTP claim, and a motion to compel discovery. In the motion to compel discovery, Defendants requested production of Plaintiff's medical records for the period of the parties' communication, as Plaintiff "ha[d] indicated to Defendants that his failure to respond was due to health problems." It is unclear from the Record on appeal when Plaintiff made these indications to Defendants regarding his health.

On 17 January 2023, a hearing was held regarding Defendants' various motions. The trial court, Judge George Hicks presiding, entered an order on 20 January 2023 denying the motion to dismiss that Defendants' had asserted in their answer, denying Defendants' separately filed motion for partial summary judgment, and granting Defendants' motion to compel discovery. The trial court found that, "from the information provided, [] [P]laintiff's medical history is relevant to the matters before the [c]ourt." Judge Hicks' order stated that, if Plaintiff desired to testify to his medical condition regarding his failure to respond, "such testimony or reference would operate as an implied waiver of the patient[-]physician privilege." Thus, Judge Hicks ordered Plaintiff to either (1) provide Defendants' counsel a copy

of all Plaintiff's medical records during the relevant time period or (2) stipulate that Plaintiff's medical condition will not be brought up during trial.

Plaintiff chose not to stipulate and did not comply with Judge Hicks' order that he produce all medical records during the relevant time, but instead provided two medical reports from the Mayo Clinic that were each two pages in length, with one "clearly missing at least one page." The first medical report submitted by Plaintiff was from 26 February 2021 and referred to an order for a CT scan and a follow-up visit, but there was not a report about the scan or the follow-up visit. The second report indicated Plaintiff had an appointment on 28 July 2021. The 28 July 2021 report also referenced a "recent evaluation" made by another physician, but that evaluation was likewise not included in the medical reports submitted to Defendants.

Defendants filed a motion for discovery sanctions, arguing Plaintiff failed to comply with Judge Hicks' order that Plaintiff provide "his medical records for all providers from January 1, 2021 until December 15, 2021." Defendants also suggested the medical reports Plaintiff did provide indicated that he had made false statements about his medical condition, and Defendants needed his complete medical records for that time frame to verify whether Plaintiff's statements were indeed false. Due to these alleged false statements, Defendants requested that the trial court sanction Plaintiff by dismissing his entire complaint.

The trial court, then with Judge Brenda Branch presiding, held a hearing on 17 April 2023 regarding the motion for sanctions. After hearing arguments from each

party, the trial court stated it was "prepared for sanctions[,]" but it would "consider something less than dismissal." The trial court gave the parties an opportunity to discuss an option that would include sanctions less severe than dismissal of the entire case.

Just over an hour later, the parties came back into session, and Defendants' counsel exclaimed that Plaintiff "won't agree to anything, he won't produce anything, he won't agree to any sanction whatsoever."

Following the hearing, the trial court granted Defendants' motion for sanctions, finding, in relevant part:

> 3. Despite many efforts to have Plaintiff comply with the Discovery Order, Plaintiff remained steadfast in blatantly and obstinately violating the Discovery Order.
> . . . .
>
> 5. The facts as proven demonstrate that Plaintiff has made false statements about his health condition in an attempt to excuse his deliberate failure to respond to prodigious efforts by Defendants to comply with their contracts and to get Plaintiff to comply with their contracts. The documents that were withheld by Plaintiff in violation of the Discovery Order may be further evidence of those false statements and therefore appear to be relevant to Defendants' case. The evidence appears to show that there is no factual basis for [the UDTP claim] in Plaintiff's Verified Complaint and the failure of Plaintiff to comply with the Discovery Order impedes the ability of Defendants fully and fairly to defend against that Claim.

Judge Branch dismissed Plaintiff's UDTP claim with prejudice and, ordered "that it is proven that Plaintiff knowingly and intentionally made false statements

about his health condition in an effort to excuse his deliberate failure to respond to prodigious efforts by Defendants to comply with their contracts with Plaintiff[.]"

On 15 May 2023, Plaintiff filed a notice of appeal from Judge Hicks' order granting Defendants' motion to compel discovery and from Judge Branch's order imposing sanctions.

## II. <u>Jurisdiction</u>

Plaintiff asserts that, "while these orders are interlocutory, they affect a substantial right of [] [P]laintiff, namely the physician[-]patient privilege." The physician-patient privilege, however, is irrelevant to the sanctions order, and Plaintiff has not provided any case citation to support the proposition that a sanctions order is interlocutory or that it affects a substantial right.

"An order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment." *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999) (citation omitted). One exception to this general rule exists "where a party asserts a privilege or immunity that directly relates to the matter to be disclosed pursuant to the interlocutory discovery order and the assertion of the privilege or immunity is not frivolous or insubstantial, the challenged order affects a substantial right and is thus immediately appealable." *Berens v. Berens*, 247 N.C. App. 12, 17, 785 S.E.2d 733, 738 (2016) (citation and internal quotation marks omitted). A second exception exists when a discovery order is enforced by

sanctions. *See Feeassco, LLC v. Steel Network, Inc.*, 264 N.C. App. 327, 331–32, 826 S.E.2d 202, 206–07 (2019) ("Generally, a discovery order, including an order compelling discovery, is not immediately appealable. However, when a discovery order is enforced by sanctions . . . the order affects a substantial right and is immediately appealable. The appeal tests the validity of both the discovery order and the sanctions imposed." (citations omitted)). Even though an interlocutory order may be immediately appealable, however,

> [t]he appellant bears the burden of demonstrating that the order is appealable despite its interlocutory nature. It is not the duty of this Court to construct arguments for or find support for an appellant's right to appeal; the appellant must provide sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

*Dewey Wright Well and Pump Co., Inc. v. Worlock*, 243 N.C. App. 666, 669, 778 S.E.2d 98, 100–01 (2015) (citation omitted). "As a result, if the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of the appellate jurisdiction." *Bartels v. Franklin Operations, LLC*, 288 N.C. App. 193, 198, 885 S.E.2d 357, 361 (2023) (citation omitted).

First, even if the discovery order impacted a physician-patient privilege and was immediately appealable, Plaintiff did not file a notice of appeal until four months after the order was entered, and his appeal was therefore untimely. *See Watson v. Watson*, 288 N.C. App. 265, 267, 885 S.E.2d 858, 860 (2023) ("[W]hen a litigant elects to appeal an interlocutory judgment . . . while other claims are pending, the litigant

still must comply with Rule 3 of our Rules of Appellate Procedure, requiring that the notice of appeal be filed within thirty days after entry of the judgment[.]") (second alteration in original); *see also* N.C.R. App. P. 3(c) (2023) ("In civil actions . . . a party must file and serve a notice of appeal . . . within thirty days after entry of judgment[.]").

Second, Plaintiff did not meet his burden of showing the order imposing sanctions was appealable because it affected a substantial right, and this Court will not "construct arguments for or find support for" Plaintiff's appeal. *See Worlock*, 243 N.C. App. at 669, 778 S.E.2d at 100.

Accordingly, as Plaintiff's appeal of the discovery order was not filed within thirty days of its entry, and he failed to show how the sanctions order was appealable as an interlocutory order that affected a substantial right, we dismiss Plaintiff's appeal. *See Watson*, 288 N.C. App. at 267, 885 S.E.2d at 860; *see also Worlock*, 243 N.C. App. at 669, 778 S.E.2d at 100.

## III. <u>Conclusion</u>

We conclude that Plaintiff's appeal from the order granting Defendants' motion to compel discovery was untimely, and we therefore dismiss that issue. We further conclude that the order imposing sanctions is not properly before us as it is an interlocutory order and Plaintiff failed to show the order imposing sanctions affected a substantial right.

DISMISSED.

Judges ZACHARY and COLLINS concur.